UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GAYL THERESE PAYTON                                                          CIVIL ACTION

VERSUS                                                                                      NO. 21-1325

NEWELL NORMAND, ET AL.                                                    SECTION "R" (3)

# REPORT AND RECOMMENDATION

*Pro se* plaintiff, Gayl Therese Payton, filed suit alleging violations of her civil rights pursuant to 42 USC § 1983 against Newell Normand, Mark Iannazzo, Danny Julian, Deputy Kavanaugh, Jefferson Parish Sheriff's Office, Jefferson Parish, and Metairie City (collectively "Defendants") For the following reasons, it is **RECOMMENDED** that this lawsuit be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). It is further **RECOMMENDED** that Plaintiff's Motion for Leave to File a More Definite Statement (Rec. Doc. No. 20), construed as a Motion to Amend the Complaint and referred to the undersigned, (Rec. Doc. No. 21) be **DENIED** as futile.

I.   BACKGROUND

On July 9, 2021, Plaintiff, proceeding *pro se*, filed her original complaint alleging the following facts:

On February 27,2012 my daughter call me to come to her home to pick up her children because her children's father came to her home with the police pertaining to a disagreement they had the day before. When I pulled up to her home she and two men were talking, as I was walking to the house I saw her children's father sitting in an car so I asked him for my 2 Case 2:21-cv-01325-SSV-DMD Document 1 Filed 07/09/21 Page 2 of 8 belongings he had taken from the house the day before, I asked him again and he still didn't answer, (1) suddenly someone grabbed me from the back and dragged me to the ground across the lawn. My phone was on the ground next to me so I reached for it to call the police when someone grabbed it, I did not know who it was but later found out that it was a Jefferson Parish deputy After that I got offthe ground and began talking to the young man, someone shouted "he's gonna shoot you (2) when someone put a gun to my face, the other man hunched him as he showed him his

1

taser, so the other man holstered his gun. The bright color of the taser caught my eye as I began to discuss the the mechanics of the taser. (3) Suddenly, the man who had pulled his gun, snatched my ann behind me, he slammed me to the ground, he then put his knee was in my neck, I screamed with pain, my daughter shouted STOP, (knowing that I have a neck injury) as she ran toward us, (4) the man pulled out his baton and began to beat her in the head until she was unconscious. At that point I found myself handcuffed and on the ground. (5) I am not sure at what point I realized that these men were deputies. (6) After that, no less then ten police cars pulled up, they came towards me with their guns pointed at me, I screamed GOD get these devils away from me, then they holstered their weapons and began to ask the men what happened. After they finished talking they dragged my daughter to one of the police cars (7) (she was still unconscious) (8) never giving us our rights.

(Rec. Doc. 1 at p. 2-3). Plaintiff alleges that the deputies should have identified themselves, should have worn identification/uniforms, and should have read her rights. *Id*. She further complains that the deputies showed no consideration for the children present at the scene and gave false statements, leading to false charges. *Id*. She contends that Newell Normand and the deputies were never charged for their wrongful actions and that the internal affairs division transcript information was changed. *Id*. Payton seeks to have her police record cleared and further seeks damages and costs. *Id*. She also seeks to have the defendants held accountable for any illegal actions. *Id.*

On July 13, 2021, Payton was granted leave to proceed *in forma pauperis*. (Rec. Doc. No. 4). On October 4, 2021, she filed an Amended Complaint. (Rec. Doc. No. 11). The amended complaint alleges the same misconduct against certain defendants and a demand for trial by jury. *Id*.

On October 7, 2021, the Parish of Jefferson and Metairie moved to dismiss on the basis of insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) and failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Rec. Doc. No. 12). The Parish of Jefferson and Metairie also raised the issue of the statute of limitations in their motion to dismiss.

2

*Id*. In the alternative, the Parish of Jefferson and Metairie move for a more definite statement pursuant to rule 12(e) of FRCP. *Id*.

On November 19, 2021, Payton filed the instant Motion for Leave to File a More Definite Statement seeking to add: (1) the "City of Gretna" as a new defendant; (2) her daughter's address as the location where the incident occurred; and (3) a tort claim of Intentional Infliction of Emotional Distress. *Id*. (Rec. Doc. No. 20).

On November 29, 2021, the district court issued an Order Referring the Motion for Leave to File a More Definite to this Court, after construing the motion as a Motion to Amend the Complaint. (Rec. Doc. No. 21).

II.   **LAW & ANALYSIS**

A court "shall dismiss" an *in forma pauperis* case "at any time" if is it determined that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).

The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Macias v. Raul A. (Unknown), Badge No*. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). In this case, plaintiff's § 1983 complaint must be dismissed under

28 U.S.C. § 1915(e) as legally frivolous as it lacks an arguable basis in law because all § 1983 claims are barred by the applicable statute of limitations. *See i.e., Spikes v. Williams*, 2015 WL 1906024 (E.D. La. 2015) (Milazzo, J) (approving report and recommendation to dismiss § 1983 claim filed under 28 U.S.C. § 1915(e) as barred under statute of limitations).

A. Statute of Limitations

The district court may raise the limitations or prescription issue *sua sponte* in a suit filed *in forma pauperis* under 28 U.S.C. § 1915. *Wilke v. Meyer*, 345 F. App'x 944, 945 (5th Cir. 2009); *Lopez-Vences v. Payne*, 74 F. App'x 398, 2003 WL 22047325, at *1 (5th Cir. 2003) (citing *Gartrell v. Gaylor*, 981 F2d 254, 256 (5th Cir. 1993)). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d)." *Gartrell*, 981 F.2d at 256.

"Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of 'any rights, privileges, or immunities secured by the Constitution and laws,'" *Goodman v. Harris Cty.*, 571 F.3d 388, 394-95 (5th Cir. 2009) (quoting 42 USC § 1983). Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage. *Duplessis v. City of New Orleans*, No. 08-5149, 2009 WL 3460269, at *4 (E.D. La. Oct. 26, 2009) (McNamara, J.) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998); *Moore*, 30 F.3d at 620; *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)); accord *James v. Branch*, No. 07-7614, 2009 WL 4723139, at *10 (E.D. La. Dec. 1, 2009) (Duval, J.) (citations omitted).

Federal law determines when a § 1983 claim accrues. *Jacobsen*, 133 F.3d at 319. For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. *Id*. The Supreme Court has held that prescription begins to run at the point when "the plaintiff can file suit and obtain relief." *Duplessis*, 2009 WL 3460269, at *5 (quoting *Wallace*, 549 U.S. at 388) (citing *Jacobsen*, 133 F.3d at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998)); accord *Dixon v. Cooper*, 260 F. App'x 728, 729 (5th Cir. 2007); *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). Determination of when a plaintiff knew or should have known of the existence of a possible cause of action has two factors: "(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Id*.; *accord Dixon*, 260 F. App'x at 729.

The underlying complaint alleges clear dates on which the incident that serves as the basis of her claims occurred. Specifically, the complaint alleges that the incident giving rise to the claims asserted herein occurred on February 27, 2012. In *Spikes v. Williams*, the district court adopted the magistrate judge's Report and Recommendation finding that a prisoner who filed his complaint *pro se* and *in forma pauperis* pursuant to 42 USC § 1983 seeking injunctive relief and compensatory damages against various police officers and the Bogalusa Police Department, was barred by the statute of limitations when the incident occurred on August 5, 2013 and he filed his complaint on December 12, 2014. *Spikes*, 2015 WL 1906024 at *2.

In the instant case, as a direct participant in the alleged February 27, 2012 incidents about which she complains, there is no question that Ms. Payton knew about her alleged assault and arrest at the time it occurred. Here, a period of eight (8) years elapsed between the time the incident

5

occurred and the time that Ms. Payton filed her complaint on July 9, 2021. The claims are, therefore, time barred.

In addition to applying the forum state's statute of limitations, federal courts should give effect to any applicable tolling provisions provided by state law. *Lopez-Vence*s, 74 F. App'x at 398; *Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002); *Gartrell*, 981 F.2d at 257. The running of prescription under Louisiana law may be suspended or tolled for equitable reasons, which have been expressed in the civilian legal principle of *contra non valentem*. Under this theory, there are four situations in which the one-year prescriptive period for delictual actions will not run: (1) if there was some legal cause that prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action, (2) if there was some condition coupled with the contract or connected proceeding that prevented the creditor from suing or acting, (3) if the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action, and (4) if the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. *Dominion Explor. & Prod. Inc. v. Waters*, 972 So. 2d 350, 358 (La. App. 4th Cir. 2007) (citing *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994); *Plaquemines Parish Comm'n Council v. Delta Dev. Co.*, 502 So. 2d 1034, 1054-55 (La. 1987)). Thus, the "doctrine of *contra non valentem* recognizes that in limited circumstances prescription should not run if good cause exists as to why plaintiff would have been unable to exercise or was lulled into not exercising a cause of action when it first became exigible." *Pracht v. City of Shreveport*, 830 So. 2d 546, 551 (La. App. 2d Cir. 2002).

There is no dispute that the claims in the complaint involve and arise from the February 27, 2012 arrest of Ms. Payton. Ms. Payton clearly knew about her alleged injuries at the time they occurred, and well before the prescriptive period lapsed. Consequently, there is no basis on which

the doctrine of *contra non valentem* or equitable tolling might apply in this case, and Plaintiff has not provided any explanation to the contrary.

### B. Amendment of Pleadings

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). Here, the proposed amendments seek only to add an additional cause of action, a new defendant, and more details around the February 27, 2012 alleged incident. As discussed above, the applicable prescription period has elapsed, and accordingly, the Motion for Leave to File a More Definite Statement, construed as a Motion for Leave to Amend, should be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as legally frivolous because it is barred by the applicable one-year statute of limitations. **IT IS FURTHER RECOMMENDED** that Ms. Payton's Motion for Leave to File a More Definite Statement, construed as a Motion for Leave to Amend (Rec. Doc. Nos. 20) be **DENIED** as futile.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 21st day of January, 2022.

*[signature]*

**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**