UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GAYL THERESE PAYTON             CIVIL ACTION

VERSUS             NO. 21-1325

NEWELL NORMAND, ET AL.             SECTION "R" (3)

## ORDER AND REASONS

On February 9, 2022, the Court dismissed with prejudice plaintiff Gayle Therese Payton's complaint, which alleged violations of 42 U.S.C. § 1983.[1] Payton now moves the Court to permit her to proceed *in forma pauperis* on appeal.[2] Because the Court finds that Payton's appeal is not taken in good faith, the Court denies the motion.

A claimant may proceed with an appeal *in forma pauperis* if she meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant must provide the court with an affidavit that "states the

---

[1] R. Doc. 33; R. Doc. 34.
[2] R. Doc. 38.

issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).

While Payton's affidavit[3] suggests that the costs of appeal would cause her financial hardship, her motion must nonetheless be denied because the arguments that she intends to raise on appeal do not have an arguable basis either in law or in fact, and are therefore frivolous. Plaintiff states that her issues on appeal are as follows:

> The plaintiff submitted the "Preponderance of Evidence" along with the Complaint. Also, the Court . . . could have

---

3      R. Doc. 38-2.

entered "Judgment as a Matter of Law" finding that no reasonable jury could reach a different conclusion (whatever evidence exists for the opposite is legally insufficient). The Judge selection for a case is random, Judge Sara[h] S. Vance resided over the majority of my Complaints.[4]

Plaintiff's § 1983 complaint, arising out of a February 2012 incident, was dismissed as time-barred by the statute of limitations.[5] The issues that plaintiff identifies for appeal do not mention the statute of limitations, or otherwise show how she intends to overcome or even address the untimeliness of her complaint. The Court finds that Payton has failed to identify a nonfrivolous issue for appeal, and that her appeal is not in good faith.

Accordingly, Payton's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this ___7th___ day of April, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[4] R. Doc. 38-2 at 1.
[5] *See* R. Doc. 33.